1  JEFFREY L. HOGUE, ESQ. (SBN 234557)
   TYLER J. BELONG, ESQ. (SBN 234543)
2  BRYCE A. DODDS, ESQ. (SBN 283491)
   **HOGUE & BELONG**
3  430 Nutmeg Street, Second Floor
   San Diego, CA 92103
4  Telephone No:  (619) 238-4720
   Facsimile No:   (619) 270-9856
5
   Attorneys for plaintiff Robert Arriaga
6

7

8              **UNITED STATES DISCTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN JOSE DIVISION**

11  Robert Arriaga,  individually and  on behalf of  )  CASE NO.: 5:14-cv-04656
    all others similarly situated;                   )
12                                                    )  **ANTITRUST CLASS ACTION**
                                                      )  **COMPLAINT**
13          vs.                                       )
                                                      )
14  IAC/InterActiveCorp, a Delaware corporation;  )  DEMAND FOR JURY TRIAL
                                                      )
15          Defendant.                                )
    _____)
16

17

18

19

20

21

22

23

24

25

26

27

28

                    ANTITRUST CLASS ACTION COMPLAINT

Robert Arriaga ("Arriaga"), individually and on behalf of all others similarly situated, (collectively, "Plaintiff") allege the following:

## I.   <u>INTRODUCTION</u>

1.   This class action is brought by Plaintiff, on behalf of himself, and on behalf of all others similarly situated, who have sustained injuries or incurred damages arising from Defendants' (defined below) violations of the antitrust and unfair competition laws of the United States and the State of California.

2.   This class action challenges (1) a conspiracy among defendant IAC/InterActiveCorp[1] ("Defendant" or "Ask.com"), Google, Inc., ("Google"), and other companies to fix and suppress the compensation of their employees by way of Sensitive Company Agreements (defined below).

3.   Plaintiff is informed and believes that other companies were involved with the conspiracy described below.  Once Plaintiff discovers who those other companies are he will amend accordingly.  Ask.com, Google, and the other companies involved in the conspiracy shall be referred to herein sometimes as "co-conspirators" or "co-participants."

4.   Without the knowledge or consent of their employees, senior executives from Ask.com and Google entered into the Sensitive Company Agreement.

5.   The Sensitive Company Agreement effectively chilled and eliminated competition for skilled directorial and above candidates.

6.   This Sensitive Company Agreement first came to light on May 17, 2013.  Before that time, the identities of the companies who were included in the Sensitive Company Agreement were unknown and unknowable to Plaintiff and the general public.

7.   It is believed that, in addition to Ask.com and Google, AOL, Inc., Clear Channel Communications, Inc., Dell, Inc., Earthlink, Inc., and Virgin Media, Inc. also took part in the conspiracy, were parties to the Sensitive Company Agreement and were part of the overall conspiracy to suppress wages for directorial and above candidates in the technology industry.

---

[1] IAC acquired several websites including AskJeeves.com and Ask.com.  During the time at issue only Ask.com was a party to the Sensitive Company Agreement.  Although the successor corporation to Ask.com is properly IAC, it will be referred to herein this Complaint as Ask.com since it was a party to the Sensitive Company Agreement.

ANTITRUST CLASS ACTION COMPLAINT

8.   The intended and actual effect of the Sensitive Company Agreement was to fix, chill, and otherwise suppress employee compensation, and to impose unlawful restrictions on employee mobility.  Ask.com's and Google's conspiracy and agreements restrained trade and the overarching conspiracy has been deemed *per se* unlawful under federal and California law. Plaintiff seeks injunctive relief and damages for violations of: Section 1 of the Sherman Act (15 U.S.C. § 1); the Cartwright Act (Cal. Bus. and Prof. Code §§ 16720, *et seq.*); and California Business and Professions Code sections 16600 and 17200, *et seq.*

9.   Plaintiff petitions this Court to allow him to represent and prosecute claims against Defendants in this class action proceeding on behalf of all those similarly situated.  This class action is brought under Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION

10. This Court has subject matter jurisdiction over this action under 15 U.S.C. sections 4 and 16, and 28 U.S.C. sections 1331 and 1337.

11. This Court has personal jurisdiction over Defendants because each resides in or has its principal place of business in the state of California, employed individuals in the state of California during the class period, and has had substantial contacts within the state of California in furtherance of the injuries and conspiracy described herein.

12. Venue is proper in this judicial district under 15 U.S.C. section 22 and 28 U.S.C. section 1391(b)(1)-(2) because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district, a substantial portion of the affected interstate trade and commerce was carried out in this district, and multiple defendants reside in this district.

## INTRADISTRICT ASSIGNMENT

13. Under Civil Local Rule 3-2(c) and (e), assignment of this case to the San Jose Division of the United States District Court for the Northern District of California is proper because a substantial part of the events and omissions which give rise to Plaintiff's antitrust claims occurred within the county of San Jose.

ANTITRUST CLASS ACTION COMPLAINT

**PARTIES**

14. Plaintiff Arriaga, an individual, is a former employee of Ask.com, now known as IAC.  Mr. Arriaga worked for Ask.com in two stints: from approximately October 2005 until January 2007, and then again from December 2011 to June 2013.

15. Defendant IAC is a Delaware corporation with its principal place of business located at 555 West 18th Street, New York, New York 10011.  IAC owns several different websites, including Ask.com, formerly known as AskJeeves.com.  Ask.com's principal place of business is located at 555 12th Street, Oakland, California.


**FACTUAL BACKGROUND**

**A.  The Sensitive Company Agreement Conspiracy**

16. The anti-labor conspiracy first came to light in approximately 2009 when the Antitrust Division of the United States Department of Justice (the "DOJ") investigated several technology giants, including Google.  At the time of the DOJ's investigation and findings, the only party disclosed as being a part of the conspiracy to control labor costs was Google, and the only aspect of the conspiracy disclosed at that time was the "Do Not Cold Call" agreements.  After the DOJ's findings, Google signed a settlement enjoining it from making such "Do Not Cold Call" Agreements again.

17. Thereafter, on or about May 17, 2013, the balance of all (or almost all) of the companies who were parties to the Sensitive Company Agreements, and other unlawful agreements, became publicly available.  Thus, in May 2013, the public first became aware of the total conspiracy as well as learned—or had the ability to learn—that Ask.com was among the participants to the Sensitive Company Agreements.

18. Ask.com was a party to the Sensitive Company Agreement and is now owned by and was owned by IAC throughout the entire period Ask.com was a co-participant in the Sensitive Company Agreements.  IAC is an American internet company with over 50 brands across 40 countries.  Ask.com was at all relevant times a questioned based web search company.  In 2012, Ask.com, acquired two other search based websites to offer more content on the Ask.com website.

ANTITRUST CLASS ACTION COMPLAINT

19. Among other positions held, Plaintiff was a Director of Product Management at Ask.com.  He managed teams of three product managers dedicated to implementing custom products including mobile and browser applications, installer platforms, partner reporting dashboards, and analytics for large clients such as Symantec, Avira, Oracle, Nuance and ecommerce clients Epson and Catalina Marketing.  Plaintiff also had responsibilities for other high level projects and activities, including, but not limited to, developing and mentoring product owners on best practices writing user stories, and various bug fixes.

20. Directorial and above candidates, like Plaintiff, at technology companies, such as Ask.com, are in high demand because they have the ability at managing specialized technology labor – they manage the managers of skilled labor.  Further, they perform exceedingly difficult and high level tasks that takes extraordinary expertise.

21. It is believed that in or around January 2008, Ask.com and Google entered into a Sensitive Company Agreement which placed anti-competitive and restrictive measures on the hiring capabilities of Ask.com, Google, and others, according to the following material terms:

- "Executive Recruiting: Inform EMG [i.e. Executive Management Group] of any Director level or above candidate who we have engaged and who is starting the interview process at Google.

- Executive Recruiting: If we go to offer with a Director or above candidate, Staffing should inform EMG and EMG will designate a senior exec to place a courtesy call into the Sensitive company to let them know we have **made** an offer;

  - And by exception, when EMG deems necessary, calling into a Sensitive company to indicate we **will be making** an offer.

- General Recruiting: For any non-exec position, we should be aware that the company is on the Sensitive Company list but there are no restrictions to our recruiting from these companies at junior levels. . . ."

22. The above-referenced agreement shall be referred to herein as the "Sensitive Company Agreement."

ANTITRUST CLASS ACTION COMPLAINT

23. The Sensitive Company Agreement effectively put the company being recruited from ("Target Company") on actual notice that the recruiting company ("Recruiting Company") had acted, or was about to act, thereby providing the Target Company an opportunity to object to the Recruiting Company's intention to make an offer, or otherwise dissuade the Recruiting Company from making such offer.

24. The Sensitive Company Agreement between Google and Ask.com unreasonably restrained trade in violation of the Sherman Act (15 U.S.C. § 1), and the Cartwright Act (Cal. Bus. & Prof. Code §§ 16720, *et seq.*), and constituted unfair competition and unfair practices in violation of California's Unfair Competition Law, California Business & Professions Code sections 17200, *et seq.* and 16600.  These agreements resulted in Ask.com, Google, and other co-conspirators refusing, and or severely deterring themselves from competitively seeking contracts with one another's directorial level or above candidates.

25. Ask.com, Google, and others secretly entered into, implemented, and policed the Sensitive Company Agreement with the knowledge of overall conspiracy, and did so with the intent and effect of fixing the compensation of the employees belonging to participating companies at artificially low levels.  As more companies joined the conspiracy to control labor costs, competition for skilled labor among those companies continued to drop, further suppressing compensation and mobility of the employees belonging to those participating companies.

26. For example, if and when Google made (or planned on making) an offer to hire an Ask.com directorial employee or above candidate, Google's top officers were required by the Sensitive Company Agreements to make a "courtesy call" into Ask.com's top officers to inform them of their hiring intent or the fact that it had made an offer.  This courtesy call necessarily breached the Ask.com employee's privacy rights and expectations by placing their current employer (Ask.com) on notice of the employee's attempt to leave Ask.com without their consent.  Simultaneously—and more importantly—the courtesy call also diminished the Ask.com employee's chances of being hired by Google, and diminished her or his chances of being hired at market rates for several reasons.

ANTITRUST CLASS ACTION COMPLAINT

27. First, the required courtesy call scheme suppressed the competitive bidding and rigged the counteroffer process by tipping one company off to what the other was willing to pay.

28. Second, that Google was required to make a courtesy call to the top officers at Ask.com to hire any of Ask.com's directorial and above candidates under the Sensitive Company Agreement was a serious deterrent to Google's (or any other co-conspirator's) recruitment of employees from Ask.com because they would have to tacitly seek the Target Company's approval.   In other words, all parties to the Sensitive Company Agreement were deterred from recruiting by making so-called courtesy calls thereby disclosing all of its hirings and its hiring intentions.

29. Third, the required courtesy call permitted Ask.com officers an opportunity to either dissuade Google from hiring Ask.com's employees, or to dissuade Google from paying too much for the Ask.com employee whose disloyalties were now revealed to Ask.com.

30. Fourth, the courtesy call enabled Google either refrain from making an employment offer, or to rescind its employment offer if after speaking with Ask.com officers, Google learned damaging information about either the recruited employee or Ask.com's level of desire to keep the employee.  As a result, the ability of Ask.com employees at director and above levels to obtain employment at Google and other co-participants to the conspiracy was significantly reduced, and, as a result, the ability of Ask.com employees at director and above levels to obtain wages at competitive fair market rates was significantly suppressed.

31. The aforementioned anticompetitive effects were all the purpose of the Sensitive Company Agreement, and Defendants succeeded in lowering the compensation and mobility of their employees below what would have prevailed in a lawful and properly functioning labor market.

32. Plaintiff and each member of the Class (defined below) was harmed by the Sensitive Company Agreement herein alleged.  The elimination of competition and suppression of compensation and mobility had a negative cumulative effect on all Class members.  For example, an individual who was a directorial or above candidate employee of Ask.com was faced with unlawful obstacles intended to chill mobility as a result of the illicit Sensitive

ANTITRUST CLASS ACTION COMPLAINT

Company Agreement it had with Google. In fact, as mentioned, in certain situations these companies were required to advise calling one another to inform them that it would be making an offer to said employee.

## INTERSTATE COMMERCE

33. Defendants' conduct substantially affected interstate commerce throughout the United States and caused antitrust injury throughout the United States because, among other things, Defendants had employees across state lines as well as did business over state lines.

## CLASS ALLEGATIONS

34. Plaintiff sues on his own behalf and, under Federal Rule of Civil Procedure 23 on behalf of the following class ("Plaintiff Class"):

> All persons who worked at any time from January 7, 2008 to the present for Ask.com (aka IAC) in the United States in any directorial or above-candidate positions.

35. Plaintiff Class has hundreds or thousands of members, as each defendant employed hundreds or thousands of class members each year. The Plaintiff Class is so numerous that individual joinder of all members is impracticable.

36. Plaintiff Class is ascertainable either from Defendant's respective employee and or payroll records.

37. Plaintiff's claims are typical of the claims of other class members comprising Plaintiff Class as they arise out of the same course of conduct and the same legal theories, and they challenge Defendant's conduct with respect to Plaintiff Class as a whole.

38. Plaintiff has retained able and experienced class action litigators as their counsel. Plaintiff has no conflicts with other class members and will fairly and adequately protect the interests of Plaintiff Class.

39. This case raises common questions of law and fact that are capable of class-wide resolution, including:

> a. whether Ask.com agreed not to pursue other companies directorial or above candidates;

b.  whether Google or other co-conspirators agreed not to pursue Ask.com's directorial or above candidates;

c.  whether Defendant's Sensitive Company Agreement was a *per se* violation of the Sherman Act;

d.  whether the Defendant's Sensitive Company Agreement was a *per se* violation of the Cartwright Act;

e.  whether Defendant's Sensitive Company Agreement is void as a matter of law under California Business and Professions Code section 16600;

f.  whether the Sensitive Company Agreement constituted unlawful or unfair business acts or practices in violation of California Business and Professions Code section 17220;

g.  whether Defendant fraudulently concealed its conduct;

h.  whether Defendant's conspiracies and associated agreements restrained trade, commerce, or competition;

i.  whether Plaintiff and the other members of the Plaintiff Class suffered injury as a result of Defendant's conspiracies and Sensitive Company Agreements;

j.  whether any such injury constitutes antitrust injury; and

k.  the measure of damages incurred by Plaintiff and Plaintiff Class.

40. These and other common questions predominate over any questions affecting only individual class members.

41. This class action is superior to any other form of resolving this litigation.  Separate actions by individual class members would be enormously inefficient and would create a risk of inconsistent or varying judgments, which could establish incompatible standards of conduct for Defendant and substantially impede or impair the ability of class members to pursue their claims.  There will be no material difficulty in the management of this action as a class action.

## **STATUTE OF LIMITATIONS**

**Continuing Violation**

42. Defendant's conspiracy was a continuing violation through which Defendant repeatedly invaded Plaintiff and Plaintiff Class' interests by adhering to, enforcing, and reaffirming the anticompetitive agreements described herein.

ANTITRUST CLASS ACTION COMPLAINT

43. Defendant communicated among itself and the other co-conspirators by phone and e-mail and through in-person meetings to further the conspiracy and the secrecy of the conspiracy as described in this Complaint.

**Fraudulent Concealment**

44. Before May 17, 2013, at the earliest, Plaintiff did not have actual or constructive notice, and was not on inquiry notice of certain facts when he discovered he has certain claims and can seek certain relief.  The Sensitive Company Agreement between Ask.com and Google, and others was first publicly disclosed in a filing in this Court on May 17, 2013.  Thus, the identity of Ask.com's involvement in the conspiracy remained unknown and unknowable to Plaintiff until that time.

45. Defendant provided pretextual, incomplete, or materially false and misleading explanations for hiring, recruiting, and compensation decisions made under the conspiracy. Defendant's explanations for its conduct served only to further and conceal Defendant's conspiracy.

46. Defendant attempted to create the false impression that its decisions are independent and that it was acting in accordance with the antitrust laws.

47. As a result of Defendant's fraudulent concealment of its conspiracy with the other co-conspirators, the running of any statute of limitations has been tolled with respect to the claims that Plaintiff and Plaintiff Class have as a result of the anticompetitive and unlawful conduct alleged herein.

## COUNT I

### (Violation of the Sherman Act, *15 U.S.C. § 1*)

48. Plaintiff incorporates by reference all the allegations in the above paragraphs as if fully set forth herein.

49. 15 U.S.C. section 1 provides, in part, that every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.

50. Defendant, by and through its officers, directors, employees, agents, or other representatives, entered into an unlawful agreement, combination, and conspiracy in restraint of trade, in violation of 15 U.S.C. section 1.  Specifically, Defendant agreed in advance to provide "courtesy calls" in the event that Ask.com or Google was about to make an offer to a directorial or above candidate and that conduct effectively rigged the bidding system that would occur in a free market.  In other words, directors and above candidates would be locked into a set salary range.  Alternatively Ask.com, and others would be dissuaded from pursuing one another's director and above candidates if the company being called had any objections.  All of the foregoing directly and negatively affected and suppressed the wages of directorial and above-candidates at Ask.com.

51. Ask.com, Google and others conspired and agreed to restrict competition for services provided by Plaintiff and members Plaintiff Class through Sensitive Company Agreements and agreements to fix the wage and salary ranges for said class members, all with the purpose and effect of suppressing class members' compensation and restraining competition in the market for services of class members.

52. Defendant's conduct injured and damaged Plaintiff and members of the Plaintiff Class by suppressing compensation to levels lower than the members otherwise would have received in the absence of the Sensitive Company Agreements all in an amount to be proven at trial.

53. Defendant's agreements are *per se* violations of the Sherman Act.

54. The acts done by each defendant as part of, and in furtherance of, their contracts, combinations or conspiracies were authorized, ordered, or done by their respective officers, directors, agents, employees, or representatives while actively engaged in the management of Defendant's affairs.

55. As a result of the above violations, Plaintiff and Plaintiff Class have been damaged in an amount according to proof.  Accordingly, Plaintiff and Plaintiff Class seeks three times their damages caused by Defendant's violations of the Sherman Act, the costs of bringing suit, reasonable attorneys' fees, and a permanent injunction enjoining Defendant from ever again entering into similar agreements in violation of the Sherman Act.

ANTITRUST CLASS ACTION COMPLAINT

## COUNT II

### (Violation of the Cartwright Act, *Cal. Bus. & Prof. Code §§ 16720, et seq.*)

56. Plaintiff incorporates by reference all the allegations in the above paragraphs as if fully set forth herein.

57. Except as expressly provided in California Business and Professions Code sections 16720, *et seq.*, every trust is unlawful, against public policy, and void.  A trust is a combination of capital, skill, or acts by two or more persons for any of the following purposes:

    (a) To create or carry out restrictions in trade or commerce.

    (b) To limit or reduce the production, or increase the price of merchandise or of any commodity.

    (c) To prevent competition in manufacturing, making, transportation, sale or purchase of merchandise, produce or any commodity.

    (d) To fix at any standard or figure, whereby its price to the public or consumer shall be in any manner controlled or established, any article or commodity of merchandise, produce or commerce intended for sale, barter, use or consumption in this State.

58. Defendant, by and through its officers, directors, employees, agents or other representatives, entered into an unlawful agreement, combination, and conspiracy in restraint of trade, in violation of California Business and Professions Code section 16720.

59. Defendant Ask.com conspired with Google and others, and entered into an unlawful trust agreement in restraint of trade and commerce by, among other things, restricting and limiting, to a substantial degree, competition among these co-conspirators' skilled labor, and rigging the bidding process thereby fixing wages and salary ranges for said class members, all with the purpose and effect of suppressing class members' compensation and restraining competition in the market for services of class members.  As of 2008, Ask.com involved itself with this conspiracy.

60. As a direct and proximate result of these co-conspirator's conduct, members of Plaintiff Class were also injured by incurring suppressed compensation to levels lower than the members otherwise would have incurred in the absence of Defendant's unlawful trust, all in an amount to be proven at trial.

ANTITRUST CLASS ACTION COMPLAINT

61. Defendant, Plaintiff, and other class members are "persons" within the meaning of the Cartwright Act as defined in California Business and Professions Code section 16702.

62. Defendant's agreements are *per se* violations of the Cartwright Act, and their conduct violates the Cartwright Act.

63. As a result of the above violations, Plaintiff and Plaintiff Class have been damaged in an amount according to proof.

## COUNT III

### (Unfair Competition, *Cal. Bus. & Prof. Code §§ 17200 et seq.*)

64. Plaintiff incorporates by reference all the allegations in the above paragraphs as if fully set forth herein.

65. Under California Business and Professions Code sections 17200, *et seq.*, any person who engages, has engaged, or proposes to engage in unfair competition—which includes any fraudulent or unlawful business act or practice—may be enjoined in any court of competent jurisdiction, may be held liable for restoring to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition, and may be held liable for civil penalties.

66. Defendant is a "person" under the meaning of sections 17200, *et seq.*

67. Defendant Ask.com entered into an illicit Sensitive Company Agreement to suppress wages of their respective workforce by restricting the ability of its directorial and above candidates from attaining or deterring employment with the other defendants.

68. Defendant's acts were unfair, unlawful, and or unconscionable, both in their own right and because they violated the Sherman Act and the Cartwright Act.

69. Defendant's conduct injured Plaintiff and other members of Plaintiff Class suppressing the value of directorial or above-candidates' services and thus suppressing their wages. Plaintiff and other class members are therefore persons who have suffered injury in fact and lost money or property as a result of the unfair competition under California Business and Professions Code section 17204.

70. Under California Business and Professions Code section 17203, disgorgement of Defendant's unlawful gains is necessary to prevent the use or employment of Defendant's unfair practices and restitution to Plaintiff and other class members is necessary to restore to them the money or property unfairly withheld from them.

71. As a result of the above unlawful acts, Plaintiff and Plaintiff Class have been damaged in an amount according to proof.

**COUNT IV**

**(Violation of *Cal. Bus. & Prof. Code §§ 16600, et seq.*)**

72. Plaintiff incorporates by reference all the allegations in the above paragraphs as if fully set forth herein.

73. Under California Business and Professions Code section 16600, *et seq.*, except as expressly provided for by section 16600, *et seq.*, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

74. Defendant entered into, implemented, and enforced express agreements that are unlawful and void under Section 16600.

75. Defendant's agreements and conspiracy have included concerted action and undertakings among the Defendant and its co-conspirators with the purpose and effect of: (a) reducing open competition among the co-conspirators for skilled labor; (b) reducing employee mobility; (c) reducing or eliminating opportunities for employees to pursue lawful employment of their choice; and (d) limiting employee professional betterment.

76. Defendant's agreements and conspiracy are contrary to California's settled legislative policy in favor of open competition and employee mobility, and are therefore void and unlawful.

77. Defendant's agreements and conspiracy were not intended to protect and were not limited to protecting any legitimate proprietary interest of Defendant.

78. Defendant's agreements and conspiracy do not fall within any statutory exception to Section 16600, *et seq.*

ANTITRUST CLASS ACTION COMPLAINT

79. The acts done by each defendant as part of, and in furtherance of, their contracts, combinations or conspiracies were authorized, ordered, or done by their respective officers, directors, agents, employees, or representatives while actively engaged in the management of Defendant's affairs.

80. Accordingly, Plaintiff and members of Plaintiff Class seek a judicial declaration that Defendant's agreements and conspiracy are void as a matter of law under Section 16600, and a permanent injunction enjoining Defendant from ever again entering into similar agreements in violation of Section 16600.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself individually and on behalf of Plaintiff Classes pray for relief and judgment against Defendant, Ask.com as follows:

1. that the Court determine that this action may be maintained as a class action;

2. Appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

3. Pre-judgment and post-judgment interest as provided by law or allowed in equity;

4. An incentive award to compensate Plaintiff for his effort in pursuit of this litigation;

5. For nominal damages;

6. For compensatory damages;

7. For an injunction against Defendant prohibiting any further acts in continuance or perpetuation of any Sensitive Company Agreement;

8. For restitution of all monies due to Plaintiffs, and the Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

9. For costs of suit and expenses incurred herein;

10. For reasonable attorneys' fees;

11. For treble damages; and

12. For all such other and further relief the Court may deem just and proper.

ANTITRUST CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JURY DEMAND**

Under Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.


Dated:  October 17, 2014                                        **HOGUE & BELONG**


                                                                         /s/ *Jeffrey L. Hogue*
                                                                         JEFFREY L. HOGUE
                                                                         TYLER J. BELONG
                                                                         BRYCE A. DODDS
                                                                         Attorney for Plaintiff and on behalf of those
                                                                         similarly situated

ANTITRUST CLASS ACTION COMPLAINT